```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**JESUS ANTONIO LOYO,**

                              **Petitioner,**

            **v.**                                           **CASE NO. 20-3125-SAC**

**DON LANGFORD,**

                              **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee. The court has conducted an initial review of the petition and, for the reasons that follow, directs petitioner to show cause why this matter should not be dismissed as barred by the limitation period.

### Background

Petitioner was convicted in the District Court of Sedgwick County, Kansas. His convictions were affirmed on appeal in 2015, and the Kansas Supreme Court denied review on December 16, 2016. *State v. Loyo*, 360 P.3d 490 (Table), 2015 WL 7162109 (Kan. Ct. App. Nov. 13, 2015), *rev. denied*, Dec. 16, 2016.

On November 28, 2017, petitioner filed an action for post-conviction relief under K.S.A. 60-1507. The district court denied relief, and the Kansas Court of Appeals affirmed. *Loyo v. State*, 440 P.3d 620 (Table), 2019 WL 1969606 (Kan. Ct. App. May 3, 2019), *rev. denied*, Dec. 31, 2019.

Petitioner signed and filed the present petition under § 2254 on April 30, 2020.

### Analysis

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ordinarily, the limitation period begins to run from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme

Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). The one-year period of limitation begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011).

The one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). An application is "properly filed," for purposes of § 2244(d)(2), "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808

(internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id.*

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

Here, petitioner's conviction became final on March 16, 2017, ninety days after the Kansas Supreme Court denied review of his state appeal, when the time for seeking review in the United States Supreme Court expired. The limitation period began to run on March 17, 2017, and continued to run until November 28, 2017, when petitioner filed an action under K.S.A. 60-1507, tolling the limitation period. At that time, 256 days had run on the limitation period.

The limitation period remained tolled until the Kansas Supreme Court denied review on December 31, 2019. The period began to run again on January 1, 2020, and expired on April 18, 2020. Because petitioner did not file the petition until April 30, 2020, the action is not timely and must be dismissed unless petitioner can establish some ground for

tolling.

## Motion to appoint counsel

Petitioner has filed a motion to appoint counsel. Petitioner is not entitled to the appointment of counsel in this action, as "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, a judge may appoint counsel in habeas proceedings where the applicant is financially unable to secure counsel and the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Unless the court finds that an evidentiary hearing or discovery is necessary, the decision whether to appoint counsel lies in the discretion of the court. In exercising its discretion, the court should consider the merits of the claims, the nature of the factual issues, the applicant's ability to present his claims, and the complexity of the legal issues presented. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Having considered the record, the court declines to appoint counsel. The limited issue before the court at this time, whether petitioner presented the petition within the governing limitation period, is not unusually complicated.

## Order to show cause

The court directs petitioner to show cause on or before February 26, 2021, why this matter should not be dismissed because it was not

timely filed. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is denied as moot, as petitioner submitted the full filing fee.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED petitioner is granted to and including **February 26, 2021,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 26th day of January, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge